# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

LAGRITA CHILES,               )
                            )
          Plaintiff,        )
                            )
v.                         )     Case No. CIV-11-49-RAW
                            )
OKLAHOMA DEPARTMENT OF    )
CORRECTIONS, et al.,        )
                            )
         Defendants.     )

## <u>ORDER</u>

Before the court is the motion to dismiss of defendants Oklahoma Department of Corrections and Justin Jones. Plaintiff brings a state law claim for negligence against both movants as well as a federal claim pursuant to 42 U.S.C. §1983 against movant Jones[1]. The claims are alleged against defendant Jones in both his individual and his official capacity.

The complaint alleges that plaintiff is the special administrator of the estate of Jerry D. West. Mr. West was incarcerated at the Muskogee Community Work Center at the pertinent time. Mr. West's treating physician, Dr. Houston, had determined that Mr. West needed to be provided a bottom bunk for sleeping purposes and had provided a written copy of this restriction to the Department of Corrections. On or about November 30, 2009, defendant Steve Montgomery (who is one of the unserved defendants), an employee at the Work Center, ordered Mr. West to occupy the top bunk in a set of bunk beds. Mr. West explained the medical restriction but Montgomery insisted. That evening, Mr. West fell

---

[1]Two named defendants, Wilson and Montgomery, have yet to be served.

from the top bunk and suffered head trauma, from which he ultimately died on December 10, 2009.

Under Rule 12(b)(6) F.R.Cv.P., the court assumes the factual allegations are true and asks whether it is plausible that the plaintiff is entitled to relief. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Conclusory allegations are not enough to withstand a motion to dismiss. *Gallagher v. Shelton,* 587 F.3d 1063, 1068 (10th Cir.2009).

Both the federal and the state law claim require citation of the Oklahoma Governmental Tort Claims Act ("the Act"). The state law claim is evidently brought pursuant to the Act[2] On the one hand, the Act recites in 51 O.S. §153(A) that "[t]he state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act . . . ." On the other hand, the Act states in 51 O.S. §152.1(B) that "[t]he state . . . waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment

_____

[2]The court says "evidently" because the record does not reflect that plaintiff has complied with the notice provisions of the Act. An overview of these provisions is set forth in *Evans v. City of Tulsa,* 2009 WL 1765763 (N.D.Okla.2009). A pre-suit notice of claim that complies with the Act is necessary to invoke the power of the court. *Id.* (citing *State v. Dixon,* 912 P.2d 842, 844 (Okla.1996)). Failure to plead compliance subjects a claim under the Act to dismissal. *See Girdner v. Board of Commissioners,* 227 P.3d 1111, 1115-1116 (Okla.Civ.App.2009). The negligence claims are accordingly dismissed for lack of jurisdiction.

to the United States Constitution." The practical import of these provisions is that plaintiff's federal claim against Jones in his official capacity may not proceed.

The Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court[3]. *Tarrant Reg'l. Water Dist. v. Sevenoaks,* 545 F.3d 906, 911 (10th Cir.2008). Eleventh Amendment immunity has not been abrogated by §1983. *O'Connor v. The Florida Bar,* 197 Fed. Appx. 741 (10th Cir.2006). Oklahoma has not waived sovereign immunity against §1983 claims in federal district court. *Callahan v. Poppell,* 471 F.3d 1155, 1159 (10th Cir.2006). Thus, the Department of Corrections – a state agency – and an employee of that agency in his official capacity – are immune from such a claim. *See Baylis v. Oklahoma Dept. of Corrections,* 2007 WL 4287612 (W.D.Okla.2007). Further, in suits for damages neither a state nor its officials acting in an official capacity are "persons" under §1983. *See Ross v. Bd. of Regents,* 599 F.3d 1114, 1117 (10th Cir.2010). The official capacity claim against Jones is dismissed.

Plaintiff also asserts a federal claim against Jones in his individual capacity. Individual liability under §1983 must be based on personal involvement in the alleged constitutional violation. *Gallagher,* 587 F.3d at 1069. Supervisory status alone does not create §1983 liability. *Id.* Rather, there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Id.* Here, plaintiff seeks to plead personal

---

[3]Counties and municipalities, for example, may be liable under certain circumstances.

3

involvement or affirmative link based upon an alleged failure to train correctional officers. In such a circumstance, it is not enough for a plaintiff to show there were general deficiencies in the training program for jailers. Rather, the plaintiff must identify a specific deficiency in the training program closely related to the ultimate injury and prove that the deficiency in training actually caused his jailer to act with deliberate indifference to this safety. *Lopez v. LeMaster,* 172 F.3d 756, 760 (10th Cir.1999)[4]. This standard is more appropriate for a post-discovery motion for summary judgment. Therefore, dismissal under Rule 12(b)(6) will not be granted on that basis.

On an alternative ground, however, the individual capacity claim against Jones is dismissed on the basis of qualified immunity. When the defendant asserts this defense, the burden shifts to the plaintiff, who must meet a strict two-part test by showing (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct. *Bowling v. Rector,* 584 F.3d 956, 964 (10th Cir.2009). The failure of a plaintiff to meet either requirement warrants dismissal. *See Swanson v. Town of Mountain View,* 577 F.3d 1196, 1199 (10th Cir.2009). This court has discretion as to which of the two prongs should be addressed first. *Id.*

Plaintiff contends that the constitutional right involved is "the right to have the medical restrictions provided by his doctor to Defendant Jones and ODOC honored."

---

[4]Citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009), the Tenth Circuit has recently stated that "the basic concept of §1983 . . .supervisory liability itself may no longer be tenable." *Arocho v. Nafziger,* 367 Fed.Appx. 942 n.4 (10th Cir.2010). Because of this court's ruling on qualified immunity, the court need not resolve the implications of *Ashcroft* in the case at bar.

(Response at 6). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Zia Trust Co. ex rel. Causey v. Montoya,* 597 F.3d 1150, 1155 (10th Cir.2010). There does not need to be a prior case with precisely the same facts. *See Pierce v. Gilchrist,* 359 F.3d 1279, 1298 (10th Cir.2004). Still, the court's inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition. *Bowling*, 584 F.3d at 964. The question is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation. *Id.*

This court's review has not found an apposite Supreme Court or Tenth Circuit case or a clear weight of authority from other courts. Plaintiff asserts: "Defendants have articulated no reason why having one's documented and provided medical restrictions honored by ODOC employees is not a clearly established fundamental right." (Reponse at 7). It is plaintiff's burden to show that the right is clearly established, not the defendant's burden to show that it is not. Qualified immunity is appropriate.

The court has already dismissed the state law claim of negligence for plaintiff's failure to plead notice (see footnote 2 above). Assuming arguendo that the court has jurisdiction, pursuant to 51 O.S. §155(24), the Act "categorically excludes liability for claims involving the 'operation or maintenance of any prison, jail or correctional facility.'" *DeYonghe v. Ward,* 121 Fed.Appx. 335 (10th Cir.2005). (emphasis added). This court finds (contrary to

plaintiff's argument) that directing an inmate which bunk he must occupy falls within this category. Dismissal is granted on this alternative basis as well[5].

It is the order of the court that the motion of defendants Oklahoma Department of Corrections and Justin Jones (#12) is hereby GRANTED. Movants are dismissed as party defendants.

**ORDERED THIS 16th DAY OF MAY, 2011.**


**Dated this 16th day of May, 2011.**




_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5]Movants have also cited 51 O.S. §163(C), which requires suits under the Act to name as defendant only the state or the political subdivision against which liability is sought to be established. Plaintiff contends this is not a valid objection because defendant Jones is also sued in his individual capacity. The complaint, however, makes no allegation that Jones acted maliciously or in bad faith and thus outside the scope of his employment. *See Pellegrino v. State ex rel. Cameron Univ.,* 63 P.3d 535, 537 (Okla.2003).