# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAGRITA CHILES, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-11-49-RAW |
| | ) |
| OKLAHOMA DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
|       Defendants. | ) |

## ORDER

Before the court is the motion of the plaintiff to reconsider. By order entered on May 16, 2011, the court granted the motion to dismiss of the served defendants Oklahoma Department of Corrections and Justin Jones. The court dismissed plaintiff's state law claims on two grounds: (1) plaintiff failed to sufficiently plead compliance with the Oklahoma Governmental Tort Claims Act ("the Act") and (2) Title 51 O.S. §155(24) expressly bars liability for the acts of which plaintiff complains.

Plaintiff filed its motion to reconsider as to the first ground. By order entered July 18, 2011, the court granted the motion. The court ruled that the issue of compliance with the Act could be addressed on remand, should the Tenth Circuit Court of Appeals reverse as to the other ground. By order entered July 20, 2011, the court vacated the ruling on the motion to reconsider, deeming it still pending. The rationale for this decision was that compliance with the Act is a jurisdictional prerequisite to suit and therefore should be addressed

immediately. The court granted plaintiff until August 1, 2011, to file a reply to her motion to reconsider. Plaintiff has not done so. The matter is properly at issue.

The documents attached to the motion indicate that the notice of claim was filed on May 4, 2010. A formal denial was issued on August 18, 2010. That letter of denial, however, states that "Your claim was deemed denied as of August 3, 2010." This statement is correct under the Act. A claim is deemed denied if the political subdivision fails to approve the claim in its entirety within 90 days. *See* 51 O.S. §157(A). Under 51 O.S. §157(B), the court action must be commenced within 180 days after denial of the claim. Plaintiff filed her complaint on February 8, 2011, which is more than 180 days after August 3, 2010. Accordingly, the court finds plaintiff has failed to comply with the Act, and the complaint should be dismissed (for lack of jurisdiction) on that basis as well[*].

It is the order of the court that the motion of the plaintiff to reconsider (#27) is hereby DENIED. The case is concluded as to the served defendants and therefore a judgment shall be entered. The court clerk shall administratively close the case.

**ORDERED THIS 8th DAY OF AUGUST, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[*]To clarify, the court's initial order of dismissal stated that plaintiff failed to plead compliance with the Act. The court now finds instead that plaintiff, as a matter of jurisdictional fact under Rule 12(b)(1) and Rule 12(h)(3) F.R.Cv.P., failed to timely comply with the Act.